[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12529

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

SPENCER LAMAR LONON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:23-cr-00033-AW-MAF-1

_____

Before JILL PRYOR, BRASHER, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Spencer Lamar Lonon appeals his 72-month total imprisonment term based on his convictions for 4 counts of uttering of counterfeit federal reserve notes and 1 count of possession of counterfeit notes with intent to sell or use. On appeal, he argues that the district court violated Federal Rule of Criminal Procedure 32(d)(3)(C) because it refused to redact from the presentence investigation report ("PSI") objected-to narratives regarding prior convictions, arrests, pending charges, and other minor offenses. Lonon claims this information in the PSI put him at risk of harm by resulting in his placement at a high-security prison with violent offenders. Having read the parties' briefs and reviewed the record, we affirm Lonon's sentence.

## I.

We review the district court's compliance with Rule 32 for an abuse of discretion. *See United States v. Asante*, 782 F.3d 639, 649 (11th Cir. 2015).

## II.

Statutes and the Federal Rules of Criminal Procedure largely control the information provided in the PSI. Generally, 18 U.S.C. § 3661 provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States

may receive and consider for the purposes of imposing an appropriate sentence." 18 U.S.C. § 3661. Moreover, Rule 32(d) requires the PSI to contain information regarding the defendant's history and characteristics, including: (1) any prior criminal record; (2) his financial condition; and (3) "any circumstances affecting the defendant's behavior that may be helpful in imposing sentence or in correctional treatment." Fed. R. Crim. P. 32(d)(2)(iii). Rule 32(d) also states that the PSI must exclude, among other things, "any other information that, if disclosed, might result in physical or other harm to the defendant or others." Fed. R. Crim. P. 32(d)(3)(C). Further, at sentencing, the court must, "for any disputed portion of the presentence report or other controverted matter – rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed. R. Crim. P. 32(i)(3)(B).

A defendant has a due process right not to be sentenced based on false or unreliable evidence. *United States v. Ghertler*, 605 F.3d 1256, 1269 (11th Cir. 2010). To prevail on a due process challenge "a defendant must show (1) that the challenged evidence is materially false or unreliable and (2) that it actually served as the basis for the sentence." *Id.*

In *Asante*, this court determined that the district court did not abuse its discretion by failing to redact from the PSI information that Asante threatened the prosecutor and a magistrate judge. *Asante*, 782 F.3d at 649. There, we noted that the

district court did not consider the threats when sentencing Asante but refused to redact the information because the district court determined that it was important for the Bureau of Prisons to have the information. *Id.* Thus, we reasoned that the information of Asante's threats did not fall into any of the categories of information in Rule 32(d)(3) that cannot be included in the PSI and that it arguably fell into the category of information regarding his history and characteristics, which Rule 32(d)(2)(A) requires the PSI to contain. *Id.* We concluded that, even if the rules did not require the PSI to contain the information of Asante's threats, the district court had the discretion to include it. *Id.*

### III.

The record here demonstrates that the district court did not abuse its discretion by not redacting the disputed paragraphs of Lonon's PSI because he does not allege that the information at issue would put him at risk of harm if disclosed, as contemplated by Rule 32(d)(3)(C), and the information in the objected-to paragraphs was relevant to his history and characteristics. Even if the PSI did not contain the objected-to information, the district court had the discretion to include it in the PSI and consider it. *See Asante*, 782 F.3d at 649. Moreover, even on appeal, Lonon fails to point to anything that shows that his security classification was actually increased based upon the narrative information contained in the objected-to paragraphs of the PSI, and he does not submit any particular basis for his fear of harm except for the fact that he is incarcerated in a United States penitentiary, as opposed to a lower-level security facility. Without more, Lonon's argument is

one of mere speculation, which is not a basis for exclusion under Rule 32(d)(3)(C). *See Asante*, 782 F.3d at 649.

Further, to the extent that Lonon argues that his due process rights were violated by the district court's failure to redact the objected-to paragraphs, it cannot be said that his sentence was based on unproven accusations, as the district court explicitly stated that it would not consider the disputed conduct when crafting Lonon's sentence. Rather, the district court specifically highlighted Lonon's extraordinary criminal history, his recidivism, his recklessness when engaging in a car chase to flee from the police, and his long operation of counterfeiting. The district court imposed an upward variance from a guideline range of 53-61 months to 72 months based on Lonon's significant criminal history and the need to deter Lonon and protect the public. The district court noted that it adopted the PSI except for the facts to which it upheld objections, and again noted that it did not consider the facts in the PSI to which Lonon objected. As such, Lonon cannot establish a due process violation in this circumstance.

Accordingly, based on the aforementioned reasons, we affirm Lonon's sentence.

**AFFIRMED.**